IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANDREA INGRAM,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of the
Social Security Administration,

    Defendant.

: CIVIL ACTION
: NO. 10-1858
:
:
:
:
:
:
:

FILED

MAY 01 2013

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## O R D E R

**AND NOW**, this **30th** day of **April, 2013**, upon careful and independent consideration of the parties' briefs (ECF Nos. 22-23), the Report and Recommendation of U.S. Magistrate Judge Timothy Rice (ECF No. 25), and Plaintiff's objections (ECF No. 26), it is hereby **ORDERED** as follows:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;[1] and

---

[1]     Plaintiff claims to have suffered from emotional and mental impairments after experiencing firsthand two robberies at her place of employment. R. at 32-36. She was subsequently diagnosed with Posttraumatic Stress Disorder. R. at 166-72. Thereafter, she applied for Disability Insurance Benefits (DIB), because she claims she is unable to work in her previous position as a retail clerk or any other position. Id. at 8, 21. Specifically, she claims that she cannot work at all—as a result of the two robberies, she does not trust men in general. Def.'s Objections to Report & Recommendation 5 (hereinafter Objections).

An Administrative Law Judge (ALJ) denied Plaintiff's DIB application after holding a hearing on the matter. R. at 9. Plaintiff then filed an administrative appeal that was subsequently denied. Id. at 1. She now requests that this Court review the ALJ's decision. Comp., ECF No. 3. The Court referred the case to Magistrate Judge Rice for a report and recommendation. Order, Mar. 19, 2013, ECF No. 24. Although Plaintiff did not assert any specific argument in her pro se supporting brief, Magistrate Judge Rice construed it to claim that the ALJ improperly discredited the two above-mentioned sources of evidence. Report & Recommendation 1 n.1, ECF No. 25. This construction was justified, as Plaintiff elaborated on these two arguments in her timely filed objections. See Objections 5-7.

Magistrate Judge Rice now submits his Report and Recommendation and recommends that Plaintiff's request for review be denied, because (1) the ALJ's decision was supported by substantial evidence, and (2) the ALJ properly discredited Plaintiff's testimony and granted little weight to her therapist's report. Specifically, Magistrate Judge Rice determined that this evidence was not supported by any medical evidence and were contradicted by Defendant's own medical evidence, which the ALJ found persuasive. Report & Recommendation 4-6; see also 20 C.F.R. § 404.1527(d)(2); Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (citations omitted).

Because Magistrate Judge Rice properly outlined the standards for establishing a disability under the Social Security Act and summarized the five-step sequential process for evaluating disability claims, the Court will not duplicate these efforts here. See Santiago v. Barnhart, 367 F. Supp. 2d 728, 732 (E.D. Pa. 2005) (Robreno, J.) (outlining standards and five-step sequential process for evaluating disability claims).

After reviewing de novo the portions of the Report and Recommendation to which Plaintiff has objected, see 28 U.S.C. § 636(b)(1) (2012); Cont'l Cas. Co. v. Dominick D'Andrea, Inc., 150 F.3d 245, 250 (3d Cir. 1998), the Court agrees with Magistrate Judge Rice's assessment. The record shows that Plaintiff is able to return to the work that she previously performed. But if she believes her mental impairment will prevent her from doing so, the record establishes that she is able to adjust to work that exists in significant numbers in the

2

2. Plaintiff's Request for Review (ECF No. 8) is **DENIED**.

It is further **ORDERED** that the Clerk of the Court shall enter **JUDGMENT** in favor of Defendant Michael J. Astrue and against Plaintiff Andrea Ingram[2] and shall mark this case as **CLOSED**.

**AND IT IS SO ORDERED.**

/s/ Eduardo C. Robreno
EDUARDO C. ROBRENO, J.

---

national and regional economy. See R. at 17. Furthermore, Plaintiff's therapist provided no reason as to why Plaintiff's observed symptoms led her to conclude that Plaintiff is unable to perform any work-related functions, see id. at 323-39; conversely, Defendant's medical consultant gave specific reasons in finding that Plaintiff is fully capable of returning to work, buttressing those reasons with medical evidence, see id. at 296-99. Finally, the record fully discredits Plaintiff's testimony that she experiences daily fears that prevent her from leaving her home. See id. at 13. Therefore, the Court will approve and adopt the Report and Recommendation and deny Plaintiff's request for review of the ALJ's decision.

[2] In a sentence four case, "[t]he [district] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or revising the decision of the Secretary, with or without remanding the cause for a rehearing." Walker v. Astrue, 593 F.3d 274, 276 n.1 (3d Cir. 2010) (citing 42 U.S.C. § 405(g) (2006)).